## Philemon L. Austin v. The People of State of Illinois.

1. CRIMINAL LAW—*Verbal—False Representations.*—To constitute the offense of obtaining money by false pretense, when such pretense is by verbal representations, there must be a false representation of an existing past matter.

2. SAME—*Moral Culpability Not Criminal.*—A person is not guilty of a crime where he accomplishes his purpose by means not criminal, although, morally, no less culpable.

Indictment.—Obtaining money by false pretenses.   Error to the Criminal Court of Cook County; the Hon. THEODORE BRENTANO, Judge, presiding.   Heard in this court at the March term, 1896.   Reversed and remanded.   Opinion filed March 31, 1896.

BLACK & GOODWIN, attorneys for plaintiff in error.

MR. PRESIDING JUSTICE GARY DELIVERED THE OPINION OF THE COURT.

This is an indictment for obtaining money from one John J. Zimmerman by falsely pretending to him that he, the plaintiff in error, had a saloon and restaurant of the value of $15,000 for sale, from which the net income was from $70,000 to $80,000 for six months, and that the restaurant had a capacity for furnishing from 10,000 to 15,000 meals a day, upon which false pretenses Zimmerman paid to the plaintiff in error $2,000, as part of the price of $7,500, for one-half interest in the saloon and restaurant.   No saloon or restaurant was shown, only a statement made where they were, and the parties were strangers to each other.   In the language of Zimmerman himself as a witness on the trial, he "hadn't sense enough to know or go and see a lawyer and find out anything."

The negotiations were commenced by Zimmerman calling upon the plaintiff in error October 21, 1892, in response to an advertisement as follows : "For sale.   One-half interest in hotel, bar and restaurant; seating capacity 8,000 per day.   The buyer to manage.   Small capital required. Call at Orleans Hotel or 187 Dearborn, R. 213."   The only

verbal representation proved as to income was that " we would make that " ($75,000 or $80,000) " during the World's Fair," and as to the restaurant, that " we " could seat 15,000 —could feed 15,000.

That the plaintiff in error fascinated the prosecuting witness by his ostentation of wealth, fine clothing, a fast horse, and the volubility of the plaintiff in error and his wife as to their riches, may be admitted, and yet the crime of obtaining money by false pretenses not fastened upon the plaintiff in error.

To constitute that crime there must be a false representation, when the false pretense is by verbal representation, " of an existing or past fact." 2 Bishop, New Crim. Law, Sec. 415.

That definition shuts off all consideration of what was said about the income.

The advertisement is ambiguous. Whether the seating capacity of 8,000 was of the hotel, bar and restaurant all together, or of either, and which, is not stated, and the verbal representation of 15,000 is not a representation of an existing fact, but of what could be done if guests did not stay too long.

It is only by inference that it can be extended or construed into a statement of the dimensions of the place.

A written contract was made between the parties, before any money was paid, which stated that the subject of sale was " an undivided one-half interest in the complete bar and restaurant outfit to be contained in " buildings described.

Zimmerman testified that he thought that meant " that the saloon and restaurant was there."

Difficult as it may be to believe, that a man who had been successful in the livery business for three or four years, and had been in the cattle business for five or six years, during which he came once every year to Chicago with four to eight car loads of cattle, could be so ignorant, yet it may be that he was so bewildered by the plaintiff in error, and the World's Fair fever, then so prevalent, that his ability to comprehend simple phrases was confused and obscured.

Want of prudence and discretion on the part of Zimmerman is no excuse: 2 Bishop, New Crim. Law, Sec. 433; but he, the plaintiff in error, is not guilty of a crime that he did not commit, even if he did accomplish his purpose by means, morally, no less culpable.

The judgment is reversed and the cause remanded.